her hospital record, reading, at the trial, the portion mentioning a diagnosis of fractured skull, and failing to read the portion stating that an X-ray failed to show a fracture.

The record was in court, defendant's counsel had access to it and could have known of the omission. It is not, therefore, such after-discovered evidence as would compel the granting of a new trial: see Marine Coal Co. v. P., McK. and Y. R. R. Co., 246 Pa. 478. There is no indication that plaintiffs or counsel countenanced any concealment. The court charged that while there was some evidence of a fractured skull, "Mrs. Forney was kept quiet for three weeks and there was no evidence of any injury to the brain and she was discharged." No abuse of discretion appears in the court's refusal of defendant's motion.

The judgment is affirmed.

---

## Forney *v.* Cox, Appellant (No. 2).

OPINION BY WILLIAMS, J., December 12, 1918:

For the reasons given in Forney v. Cox, 70 Pa Superior Ct. 530, the judgment is affirmed.

---

## House *v.* Cox, Appellant (No. 1).

*Negligence—Automobiles—Collision—Case for jury.*

In an action to recover damages for personal injuries incurred by reason of a collision between two automobiles, a verdict and judgment for plaintiff will be sustained where the evidence for plaintiff, although contradicted, tended to show that as plaintiffs' car was proceeding along the right side of a road, defendant's car overtook it, and passed on the left, that as it did so its rear right wheel struck the left front wheel of plaintiffs' car, which suddenly turned to the right and upset, and that passengers in plaintiffs' car